MURRAY, *plaintiff in review vs.* ULMER, *original plaintiff.*

An action of trespass *quare clausum fregit*, originally brought before a Justice of the peace, and tried upon review in the Court of Common Pleas, may be brought by appeal into this Court, though no plea of soil and freehold was filed before the magistrate, the defendant having been accidentally defaulted.

*Ulmer* brought, before a Justice of the peace, an action of trespass *quare clausum fregit* against *Murray*, who was defaulted by accident, and judgment entered against him for twenty dollars damages, with costs.   *Murray* then applied to the Court of Common Pleas for a writ of review, which was granted; and upon trial of the review upon the plea of soil and freehold, judgment was rendered in that court for the original defendant; and thereupon *Ulmer* appealed to this court, and at the last *October* term became nonsuit.   *Murray* moved for costs, which was opposed by a motion on the part of *Ulmer* to set aside the nonsuit, and dismiss the action, as having been improperly brought into this court.

*Sprague,* for the original plantiff, contended that no appeal would lie, in a case like the present.   The statute gave the right of appeal only in cases originally commenced in the Court of Common Pleas. But a single exception is made, which is of actions of tresspass *quare clausum,* commenced before a Justice of the peace, where the plea of soil and freehold is filed with the magistrate, and the case brought up by recognizance.   But this case is neither within the rule, nor the exception.

THE COURT overruled this motion, and sustained the appeal, rendering judgment for the original defendant, for costs.

*Little,* for the original defendant.